1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA

4           v.                        13 Cr. 822 (ALC)

5  CARLOS VALLEJO,
                                      Plea
6                  Defendant.

7  ------------------------------x

8                                     New York, N.Y.
                                      November 4, 2014
9                                     11:45 a.m.

10 Before:

11         HON. ANDREW L. CARTER, JR.

12                                    District Judge

13

14

15         APPEARANCES

16

17 PREET BHARARA
        United States Attorney for the
18      Southern District of New York
   JASON MASIMORE
19      Assistant United States Attorney

20

   MICHAEL SPORN
21      Attorney for Defendant

22

23

24

25

```
 1                    (Case called)

 2                    THE CLERK:  Criminal calls for a change of plea

 3     hearing in case 13 Cr. 811 United States v. Carlos Vallejo.

 4                    MR. MASIMORE:  Good morning, your Honor.  Jason

 5     Masimore for the government.

 6                    THE CLERK:  And for the defendant?

 7                    MR. SPORN:  Good morning, your Honor.  Michael Sporn

 8     for Carlos Vallejo.

 9                    THE COURT:  My understanding is that Mr. Vallejo would

10     like to waive indictment and then ultimately plead guilty to a

11     superseding information.  Is that correct?

12                    MR. SPORN:  That is why we are here, yes, your Honor.

13                    THE COURT:  I am going to ask you some questions, Mr.

14     Vallejo.  I am going to require that your answers be under

15     oath, so I am going to ask my wonderful and talented deputy to

16     administer the oath.

17                    (Defendant sworn)

18                    THE CLERK:  Thank you.  You may be seated.

19                    THE COURT:  Mr. Vallejo, what is your full name?

20                    THE DEFENDANT:  Carlos José Vallejo.

21                    THE COURT:  How old are you?

22                    THE DEFENDANT:  27 years old.

23                    THE COURT:  How far did you go in school?

24                    THE DEFENDANT:  I was in college.

25                    THE COURT:  Are you currently or have you recently
```

```
 1    been under the care of a physician or a psychiatrist?

 2              THE DEFENDANT:  No, sir.

 3              THE COURT:  Have you recently been hospitalized or

 4    treated for or have you ever been hospitalized or treated for

 5    narcotics addiction?

 6              THE DEFENDANT:  No, sir.

 7              THE COURT:  In the last 24 hours have you had any

 8    drugs, medicine, pills, or alcoholic beverages?

 9              THE DEFENDANT:  No, sir.

10              THE COURT:  Have you been furnished with a copy of the

11    superseding information?

12              THE DEFENDANT:  Yes, sir.

13              THE COURT:  Have you reviewed that with your attorney?

14              THE DEFENDANT:  Yes.

15              THE COURT:  The superseding information has two counts

16    as well as a forfeiture allegation and a substitute assets

17    provision.  Do you understand?

18              THE DEFENDANT:  Yes, sir.

19              THE COURT:  Have you reviewed the superseding

20    information with your attorney and do you understand the nature

21    of the charges contained in the superseding information?

22              THE DEFENDANT:  Yes, sir.

23              THE COURT:  The superseding information charges two

24    counts.  Count One is a conspiracy to burglarize pharmacies.

25    The superseding information charges from at least in or about
```

1  2010 up to and including on or about October 30, 2014, in the

2  Southern District of New York and elsewhere, you and others did

3  conspire with each other to violate section 2118(b) of Title

4  18, United States Code.  Do you understand?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  The superseding information further

7  charges it was a part and object of the conspiracy that you and

8  others would, without authority, enter and attempt to enter and

9  remain in the business premises and property of a person

10  registered with the Drug Enforcement Administration under

11  section 302 of the Controlled Substances Act with the intent to

12  steal materials and compounds containing quantities of

13  controlled substances.  Do you understand?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  And that the replacement cost of those

16  controlled substances to the registrant was $500 and more, do

17  you understand?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  And that the person who engaged and

20  intended to engage in such entry and attempted such entry and

21  remained and intended to remain in such premises and property

22  would and did use a facility in interstate commerce to

23  facilitate such entry and attempt to facilitate remaining in

24  such premises and property in violation of section 2118(b) of

25  Title 18, United States Code.  Do you understand?

 1          THE DEFENDANT:  Yes, sir.

 2          THE COURT:  For this conspiracy, when I say an

 3   agreement with more than one person to commit these criminal

 4   acts, the government has charged certain overt acts.  Here the

 5   overt acts the government has charged that on or about November

 6   11, 2011, you participated in the burglary of a pharmacy

 7   located at 111-21 Jamaica Avenue in Queens, and during that

 8   burglary tablets containing oxycodone and approximately $15,526

 9   in United States currency were stolen.  Do you understand?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  Next overt act.  On or about November 18,

12   2011, that you participated in the burglary of a pharmacy

13   located at 529 Beach 20th Street in Queens, during which more

14   than 2,800 tablets containing oxycodone and approximately

15   $20,000 were stolen.  Do you understand?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  Next overt act:  On or about November 30,

18   2011, that you participated in the burglary of a pharmacy

19   located at 174 Avenue O in Brooklyn during which more than 300

20   tablets containing oxycodone were stolen, among other

21   controlled substances.  Do you understand?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  Next overt act:  On or about December 10,

24   2011, that you participated in a burglary at a pharmacy located

25   at 590 Avenue P in Brooklyn during which substances containing

1    in approximately $3,200 were stolen.  Do you understand?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  Next overt act:  On or about December 29,

4    2011, that you participated in the burglary of a pharmacy

5    located at 147-26 Hillside Avenue in Queens during which more

6    than 900 tablets containing oxycodone and approximately $200

7    were stolen.

8              Next overt act:  On or about January 27, 2011, that

9    you participated in the burglary of a pharmacy located at 57

10   East Kingsbridge Road in the Bronx, during which approximately

11   $17,000 was stolen.

12             Do you understand those two?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Next one:  On or about February 6, 2012,

15   that you participated in the burglary of a pharmacy located at

16   475 New Lots Avenue in Brooklyn, during which tablets

17   containing controlled substances were stolen and, next overt

18   act, on or about April 7, 2012, you participated in the

19   burglary of a pharmacy located at 42-02B Greenpoint Avenue in

20   Queens, during which more than 5600 tablets containing

21   oxycodone among other controlled substances were stolen.

22             Do you understand those two overt acts?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Next overt act:  On or about April 8,

25   2012, you participated in the burglary of a pharmacy located at

1  65-08 Roosevelt Avenue in Queens, during which tablets

2  containing oxycodone were stolen.

3        Next overt act:  On or about April 14, 2012, you

4  participated in the burglary of a pharmacy located at 1811

5  Kings Highway in Brooklyn, during which more than 1,150 tablets

6  containing oxycodone and approximately $8700 were stolen.

7        Do you understand those two overt acts?

8        THE DEFENDANT:  Yes, sir.

9        THE COURT:  Next overt act:  On or about April 23,

10 2012, you participated in the burglary of a pharmacy located at

11 495 Beach 20th Street in Queens, during which approximately 800

12 tablets containing oxycodone, among other controlled

13 substances, and approximately $23,243 were stolen.  Do you

14 understand that?

15       THE DEFENDANT:  Yes, sir.

16       THE COURT:  Next overt act:  On or about April 27,

17 2012, you participated in the attempted burglary of a pharmacy

18 located at 118-29 Metropolitan Avenue in Queens.  Do you

19 understand?

20       THE DEFENDANT:  Yes, sir.

21       THE COURT:  Next two overt acts:  On or about June 12,

22 2012, you participated in the burglary of a pharmacy located at

23 75-97 Utopia Parkway in Queens, during which approximately $50

24 was stolen; and on or about June 15, 2012, you participated in

25 the burglary of a pharmacy located at 2276 65th Street in

1 Brooklyn, during which approximately 1920 tablets containing

2 oxycodone, approximately 270 tablets containing oxymorphone,

3 and approximately $18,000 were stolen.

4    Do you understand those two overt acts?

5    THE DEFENDANT:  Yes, sir.

6    THE COURT:  Next two overt acts:  On or about June 27,

7 2012, you participated in the burglary of a pharmacy located at

8 1018 Coney Island Avenue in Brooklyn, during which more than

9 600 tablets containing oxycodone and approximately $600 were

10 stolen.

11    Next one:  On or about June 29, 2012, you participated

12 in the burglary of a pharmacy located at 116-08 Queens

13 Boulevard in Queens, during which more than 2500 tablets

14 containing oxycodone, among other controlled substances, and

15 approximately $5,000 were stolen.

16    Do you understand those two overt acts?

17    THE DEFENDANT:  Yes, sir.

18    THE COURT:  Last two overt acts:  On or about

19 September 27, 2012, you participated in the burglary of a

20 pharmacy located at 138-38 86th Avenue in Queens during which

21 more than 900 tablets containing oxycodone, among other

22 controlled substances, and approximately $10,000 were stolen;

23 and on or about October 10, 2012, you participated in the

24 attempted burglary of a pharmacy located at 1914 86th Street in

25 Brooklyn.

1                Do you understand those two overt acts?

2                THE DEFENDANT:  Yes, sir.

3                THE COURT:  Do you fully understand the crime charged

4     in Count One of the superseding information?

5                THE DEFENDANT:  Yes, sir.

6                THE COURT:  Count Two charges burglary of a pharmacy

7     at 42-02B Greenpoint Avenue in Queens.  Count Two charges on or

8     about April 7, 2012, that you, without authority, entered and

9     remained in the business premises and property of a person

10    registered with the Drug Enforcement Administration under

11    section 302 of the Controlled Substances Act, to wit, a

12    pharmacy located at 42-02B Greenpoint Avenue in Queens, with

13    the intent to steal materials and compounds containing a

14    quantity of a controlled substance, and that the replacement

15    cost of that controlled substance to the registrant was $500

16    and more, and that the persons who engaged in such entry into

17    such premises and property used the facility in interstate

18    commerce to facilitate such entry, in violation of Title 18,

19    United States Code, sections 2118(b) and 2.

20                Do you understand Count Two?

21                THE DEFENDANT:  Yes, sir.

22                THE COURT:  In addition, there is a forfeiture

23    allegation.  Have you reviewed that with your attorney and seen

24    that?

25                THE DEFENDANT:  Yes, sir.

1    THE COURT:  There is also a substitute assets

2  provision.  Have you reviewed that with your attorney and gone

3  over that?

4    THE DEFENDANT:  Yes.

5    THE COURT:  Counts One and Two are both felony

6  offenses, do you understand that?

7    THE DEFENDANT:  Yes, sir.

8    THE COURT:  You have the constitutional right to be

9  charged by an indictment of a grand jury, but you can waive

10  that right and consent to be charged by information of the

11  United States Attorney.  Do you understand?

12    THE DEFENDANT:  Yes, sir.

13    THE COURT:  Instead of an indictment, these felony

14  charges against you have been brought by the U.S. Attorney by

15  the filing of an information.  Unless you waive indictment, you

16  may not be charged with a felony unless a grand jury finds by a

17  return of an indictment that there is probable cause to believe

18  that a crime has been committed and that you committed it.  Do

19  you understand?

20    THE DEFENDANT:  Yes, sir.

21    THE COURT:  If you do not waive indictment, the

22  government may present the case to the grand jury and ask it to

23  indict you.  A grand jury is composed of at least 16 and not

24  more than 23 persons, and at least 12 grand jurors must find

25  that there is probable cause to believe that you committed the

1    crime with which you are charged before you may be indicted.

2    The grand jury might or might not indict you.  Do you

3    understand?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  If you waive indictment by the grand jury,

6    the case will proceed against you on the U.S. Attorneys

7    information just as though you had been indicted.  Do you

8    understand?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  Have you discussed waiving your right to

11   indictment by the grand jury with your attorney?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  Do you understand your right to indictment

14   by a grand jury?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  Have any threats or promises been made to

17   induce you to waive indictment?

18             THE DEFENDANT:  No -- yes, sir.  Oh, no, no, sir.

19             THE COURT:  Let me repeat the question.  Have any

20   threats or promises been made to induce you to waive

21   indictment?

22             THE DEFENDANT:  No, sir.

23             THE COURT:  Do you wish to waive your right to

24   indictment by a grand jury?

25             THE DEFENDANT:  Yes, sir.

```
 1              THE COURT:  Let me ask defense counsel if there is any
 2    reason why your client should not waive indictment.
 3              MR. SPORN:  No, your Honor.
 4              THE COURT:  I have before me a form which appears to
 5    be signed by you.  Is that your signature on that form, Mr.
 6    Vallejo?
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  Before signing it, did you read that?
 9              THE DEFENDANT:  Yes, sir.
10              THE COURT:  Did you discuss it with your attorney?
11              THE DEFENDANT:  Yes, sir.
12              THE COURT:  When you signed that, did you sign that
13    because you wish to waive indictment by a grand jury?
14              THE DEFENDANT:  Yes, sir.
15              THE COURT:  The waiver of indictment form has been
16    signed and I enter an order finding that the waiver is
17    knowingly and voluntarily made and I accept it.
18              Let's proceed to arraignment on the information.
19              Mr. Vallejo, as you have indicated, you understand the
20    charges contained against you in the superseding information,
21    correct?
22              THE DEFENDANT:  Yes, sir.
23              THE COURT:  Counsel, do you have any doubts as to Mr.
24    Vallejo's competence to proceed?
25              MR. SPORN:  No.
```

1        THE COURT:  Do you feel that he understands fully the

2    charges contained against him in the superseding information?

3        MR. SPORN:  Yes, I do.

4        THE COURT:  Mr. Vallejo, my understanding is that you

5    ultimately wish to plead guilty to the superseding information.

6    But before I can allow you to plead guilty, I need you to

7    understand the rights you will be waiving by pleading guilty.

8    So, for the time being the Court will enter on your behalf a

9    plea of not guilty to superseding information.  Do you

10   understand?

11       THE DEFENDANT:  Yes, sir.

12       THE COURT:  Mr. Vallejo, you have entered a plea of

13   not guilty to the superseding information.  I want to make sure

14   that you understand that you have a constitutional right to

15   continue to plead guilty.  Do you understand?

16       THE DEFENDANT:  Yes, sir.

17       THE COURT:  If you continue to plead guilty, you have

18   a right to a speedy and public trial by jury.  Do you

19   understand?

20       THE DEFENDANT:  Yes, sir.

21       THE COURT:  So the record is complete, if I neglected

22   to say this, I find that Mr. Vallejo is competent to proceed.

23   I have observed his demeanor in court, he has answered all the

24   questions forthrightly, and I find that he is competent to

25   proceed.

1          Mr. Vallejo, at that speedy and public trial by jury,

2     you would have the right to be represented by an attorney.  Do

3     you understand?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  If you could not afford to hire your own

6     attorney, the Court would give you an attorney for free.  Do

7     you understand?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  You have a right to be represented by an

10    attorney at every stage of this criminal litigation.  Do you

11    understand?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  At every stage of this criminal

14    litigation, if you could not afford to hire your own attorney,

15    the Court would give you a lawyer for free.  Do you understand?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  Counsel, are you retained on this matter

18    or appointed by the court?

19         MR. SPORN:  Appointed.

20         THE COURT:  At trial, Mr. Vallejo, you would be

21    presumed innocent, you would not have to prove that you are

22    innocent.  Do you understand?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  The government would have to prove your

25    guilt beyond a reasonable doubt.  Do you understand?

```
 1              THE DEFENDANT:  Yes, sir.

 2              THE COURT:  The government would have to prove each

 3    and every element of the crimes charged against you beyond a

 4    reasonable doubt.  Do you understand?

 5              THE DEFENDANT:  Yes, sir.

 6              THE COURT:  Let's go over the elements of the offenses

 7    that the government would have to prove for you to be convicted

 8    of these crimes at trial.  Count One has the following

 9    elements:  First, that two or more persons agreed to burglarize

10    or attempt to burglarize pharmacies involving controlled

11    substances.  Do you understand?

12              THE DEFENDANT:  Yes, sir.

13              THE COURT:  Second, that the defendant, you, joined

14    the agreement or conspiracy knowing of its objective to

15    burglarize and attempt to burglarize pharmacies involving

16    controlled substances.  Do you understand?

17              THE DEFENDANT:  Yes, sir.

18              THE COURT:  Third, that at some time during the

19    existence of the agreement or conspiracy, at least one of its

20    members performed an overt act in order to further the

21    objectives of the agreement.  Do you understand?

22              THE DEFENDANT:  Yes, sir.

23              THE COURT:  In addition, at trial you would have a

24    right to challenge the venue of the prosecution.  Venue means

25    that ordinarily the case must be brought in the judicial
```

1    district where the crime took place.  Do you understand?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  If you plead guilty, you will be waiving

4    your right to challenge the venue of this prosecution, do you

5    understand?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  Count Two has the following elements.

8    First, without authority, you entered or attempted to enter or

9    remained in the business premises or property of a person

10   registered with the Drug Enforcement Agency under section 302

11   of the Controlled Substances Act.  That's 21 United States Code

12   section 822.  Do you understand?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Second, that you intended to steal

15   materials and compounds containing any quantity of a controlled

16   substance.  Do you understand?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  Third, that the replacement cost of the

19   controlled substance to the person registered with the Drug

20   Enforcement Agency was not less than $500 or the person who

21   engaged in such entry or attempted such entry or who remained

22   in such premises or property traveled in interstate commerce or

23   used any facility in interstate commerce to facilitate such

24   entry or attempt to facilitate such entry or to facilitate

25   remaining in such premises or property.  Do you understand?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Again, for Count Two, you would have a

3  right to challenge the venue of the prosecution at trial,

4  meaning that the case must be brought in the judicial district

5  where the crime took place.  If you plead guilty, you will be

6  giving up your right to challenge the venue of this

7  prosecution.  Do you understand?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Counsel for the government, have I left

10 out any elements of the offenses?

11         MR. MASIMORE:  No, your Honor.

12         THE COURT:  Counsel for the defense, have I left out

13 any elements of the offenses?

14         MR. SPORN:  No.

15         THE COURT:  Mr. Vallejo, the government would have to

16 prove each and every one of those elements to a jury beyond a

17 reasonable doubt for you to be convicted of those offenses.  Do

18 you understand?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  In order to attempt to prove your guilt

21 beyond a reasonable doubt, the government would call witnesses.

22 Your lawyer could question those witnesses.  Do you understand?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  Your lawyer could object to evidence that

25 the government sought to introduce against you.  Do you

1   understand?

2           THE DEFENDANT:  Yes, sir.

3           THE COURT:  You could call your own witnesses at

4   trial, and your attorney would have the subpoena power of the

5   United States to make witnesses come to court for you.  Do you

6   understand?

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  You would have a right to testify on your

9   own behalf at trial.  Do you understand?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  At the same time, you couldn't be forced

12  to testify, because you have a right against self-incrimination

13  under the Fifth Amendment.  Do you understand?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  What that means is that you cannot be

16  required to say you are guilty out of your own mouth.  Do you

17  understand?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Even if you are guilty, you are not

20  required to plead guilty.  You could remain silent, force the

21  government to attempt to prove each and every element of the

22  crimes charges against you.  Do you understand?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  If the government failed to prove each and

25  every element of the crimes charge against you, the jury would

Eb4cva1e

1    be duty-bound to find you not guilty.  Do you understand?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  So, even if you are guilty, you are not

4    required to plead guilty.  Do you understand?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  In addition, if you plead guilty, I will

7    have to ask you what you did that makes you guilty of these

8    crimes.  When you answer those questions, you will be saying

9    that you are guilty out of your own mouth, thereby giving up

10   your right against self-incrimination.  Do you understand?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Let's talk about the sentencing process.

13   Have you and your attorney discussed the sentencing guidelines

14   and how they might apply in your case?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  The sentencing guidelines are advisory.

17   What that means is while I am required to determine the

18   guideline range that applies to your case, once I make that

19   determination, I am not required to sentence you within that

20   guideline range.  Do you understand?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  I will make the determination as to what

23   your guideline range will be and I will make the determination

24   as to what your sentence will be.  Do you understand?

25             THE DEFENDANT:  Yes, sir.

1          THE COURT:  If I accept your plea of guilty, you will

2     meet with the probation department and they will prepare a

3     pre-sentence report.  Do you understand?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  That report will have information about

6     you and the crime that you are alleged to have committed.  Do

7     you understand?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  That report will also have the probation

10    department's sentencing guideline calculation.  Do you

11    understand?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  If the guideline calculation in that

14    report or the guideline calculation that you were hoping for is

15    different than the guideline determination that I make, that

16    will not be grounds to take your plea back.  Do you understand?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  If the sentence that I impose, which may

19    be within or outside of the guideline range, is different from

20    what you were hoping for, that will not be grounds to take your

21    plea back.  Do you understand?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  As you sit here today, there is no promise

24    as to what your guideline range will be, nor is there a promise

25    as to what your sentence will be.  Do you understand?

1              THE DEFENDANT:  Yes, sir.

2              THE COURT:  Regarding any guidelines estimate, in

3     Court Exhibit 1, your agreement with the government, there is a

4     guideline estimate, is that correct, Mr. Vallejo?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  I want to make sure that you understand

7     that that estimate is simply an estimate.  It is not binding on

8     the probation department, it is not binding on the Court.  Do

9     you understand?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  While we are talking about your agreement

12    with the government, let me hand you this and ask you to look

13    at the last page of Court Exhibit 1.

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  Is that your signature on that last page

16    of that document?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  Before signing it, did you discuss it with

19    your attorney?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  Did you read it?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Did you understand it?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  Does this agreement constitute the

1    entirety of your agreement with the government?

2           THE DEFENDANT:  Yes, sir.

3           THE COURT:  Counsel for the government, is that

4    correct?

5           MR. MASIMORE:  That is correct.

6           THE COURT:  Counsel for the defense, is that correct?

7           MR. SPORN:  Yes.

8           THE COURT:  As I indicated, there is an estimate of

9    what the government thinks your guideline range will be in the

10   agreement.  You have seen that, Mr. Vallejo?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  Counsel for Mr. Vallejo, there anything

13   you would like to add at this time regarding this estimate?

14          MR. SPORN:  No.

15          THE COURT:  Again, Mr. Vallejo, it is simply an

16   estimate.  It is not binding on the probation department or the

17   Court.  Do you understand?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  I will make the determination as to what

20   your guideline range will be.  I will make the determination as

21   to what your sentence will be.  Do you understand?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  If my determination of the guideline range

24   is different from what is in this agreement or different than

25   what you were hoping for, you can't take your plea back based

1   on that.  Do you understand?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  Similarly, if the sentence that I impose

4   is different than what you were hoping for, that will not be

5   grounds to take your plea back.  Do you understand?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  Let's talk about the statutory penalties.

8   For Count One there is a maximum term of imprisonment of 10

9   years.  Do you understand?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  There is a maximum supervised release term

12  of 3 years.  Do you understand?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  Supervised release is like a term of

15  probation after a term of custody.  You will be subject to drug

16  testing, visits with your probation officer, and other

17  limitations on your freedom.  Do you understand?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  If you were to violate a condition of

20  supervised release, you could be sentenced to an additional

21  term of custody and/or an additional term of supervised release

22  without credit for time previously served in custody or on

23  supervised release.  Do you understand?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  You would be subject to a maximum fine of

1 the greatest of $250,000 or twice the gross pecuniary gain

2 derived from the offense or twice the pecuniary loss to persons

3 other than you resulting from the offense.  Do you understand?

4    THE DEFENDANT:  Yes, sir.

5    THE COURT:  You would also be subject to a $100

6 assessment, which is like a fine except that $100 special

7 assessment is mandatory, you must pay that.  Do you understand?

8    THE DEFENDANT:  Yes, sir.

9    THE COURT:  Count Two has a maximum term of

10 imprisonment of 20 years.  Do you understand?

11    THE DEFENDANT:  Yes, sir.

12    THE COURT:  And a maximum term of supervised release

13 of 3 years.  Do you understand?

14    THE DEFENDANT:  Yes, sir.

15    THE COURT:  You are also subject to a maximum fine on

16 Count Two that is identical to the maximum fine on Count One.

17 Do you understand?

18    THE DEFENDANT:  Yes, sir.

19    THE COURT:  In addition, just like in Count One, there

20 is a $100 mandatory special assessment regarding Count Two.  Do

21 you understand?

22    THE DEFENDANT:  Yes, sir.

23    THE COURT:  Therefore, the total maximum term of

24 imprisonment on Counts One and Two is 30 years.  Do you

25 understand?

 1                THE DEFENDANT:  Yes, sir.

 2                THE COURT:  Under your agreement with the government,

 3     you also agree to waive any otherwise applicable defense to

 4     Count Two on the basis of venue and you agree to plead guilty

 5     and be sentenced in the United States District Court for the

 6     Southern District of New York.  Do you understand?

 7                THE DEFENDANT:  Yes, sir.

 8                THE COURT:  Let me make sure that you understand that

 9     if you are not a United States citizen, your guilty plea and

10     convictions for Counts One and Two make it presumptively

11     mandatory that you will be deported from the United States.  Do

12     you understand?

13                THE DEFENDANT:  Yes, sir.

14                THE COURT:  Have you discussed that with your

15     attorney?

16                THE DEFENDANT:  Yes, sir.

17                THE COURT:  Also, under your agreement with the

18     government, you admit the forfeiture allegations with respect

19     to Counts One and Two and you agree to forfeit to the United

20     States a sum of money equal to $124,249 in United States

21     currency, representing any and all property, real and personal,

22     which constitutes or is derived from proceeds traceable to such

23     offense.  Do you understand?

24                THE DEFENDANT:  Yes, sir.

25                THE COURT:  All right, title, and interest you have in

1      the following specific property:  A 2010 Mercedes Benz ML63AMG

2      bearing VIN number 4JGBB78BXAA561332 and the other vehicles

3      that are listed there.  Have you seen those other vehicles

4      there?

5                  THE DEFENDANT:  Yes, sir.

6                  THE COURT:  Do you understand that?

7                  THE DEFENDANT:  Yes, sir.

8                  THE COURT:  You also agree to make restitution in an

9      amount ordered by the Court in accordance with 18 U.S.C. 3663

10     and 3663(a).  Do you understand?

11                 THE DEFENDANT:  Yes, sir.

12                 THE COURT:  You have a statutory right to appeal.  Do

13     you understand?

14                 THE DEFENDANT:  Yes, sir.

15                 THE COURT:  If you cannot afford to hire an attorney

16     to help you prosecute the appeal, the Court would give you an

17     attorney for free.  Do you understand?

18                 THE DEFENDANT:  Yes, sir.

19                 THE COURT:  While you have a statutory right to appeal

20     under your agreement, you have agreed that you will not file a

21     direct appeal nor collaterally attack or seek a sentence

22     modification, pursuant to Title 18, United States Code, 3582,

23     any sentence within or below the guideline range of 70 to 87

24     months.  Do you understand?

25                 THE DEFENDANT:  Yes, sir.

1          THE COURT:  Mr. Vallejo, are you satisfied with your

2    legal representation up to this point?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Do you have any questions you would like

5    to ask your attorney in private before we continue?

6          THE DEFENDANT:  No, sir.

7          THE COURT:  Do you have any questions for me before we

8    continue?

9          THE DEFENDANT:  No, sir.

10          THE COURT:  Defense counsel, is there any reason why

11    your client should not plead guilty?

12          THE DEFENDANT:  No, your Honor.

13          THE COURT:  Are you aware of any viable legal defense

14    to the charges?

15          MR. SPORN:  No.

16          THE COURT:  Mr. Vallejo, are you willing to give up

17    your rights to a trial and all the other rights that we have

18    discussed?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Other than what is in your agreement with

21    the government, Court Exhibit 1, has anyone made any promises

22    to induce you to give up those rights?  I see you nodding your

23    head.  You have to answer verbally for this.

24          THE DEFENDANT:  No, sir.

25          THE COURT:  Has anyone made any threats to induce you

1      to give up those rights?

2                  THE DEFENDANT:  No, sir.

3                  THE COURT:  How do you plead to Counts One and Two of

4      the superseding information?

5                  THE DEFENDANT:  Guilty.

6                  THE COURT:  What did you do that makes you guilty of

7      Counts One and Two to the superseding information?

8                  THE DEFENDANT:  I participated in burglaries of

9      pharmacies, and in Count Two I burglarized a pharmacy in

10     Queens.

11                 THE COURT:  For Count One, you said you participated

12     in burglaries of pharmacies.  Did you do that as part of the

13     agreement you had with other people to do that?

14                 THE DEFENDANT:  Yes, sir.

15                 THE COURT:  As part of that agreement to burglarize

16     the pharmacies, was the purpose of burglarizing the pharmacies

17     to steal controlled substances?

18                 THE DEFENDANT:  Yes, sir.

19                 THE COURT:  The controlled substances that were stolen

20     from the pharmacies, was the replacement cost of those

21     controlled substances to the pharmacies more than $500?

22                 THE DEFENDANT:  Yes, sir.

23                 THE COURT:  Was there also an intent to steal money

24     from these pharmacies?

25                 THE DEFENDANT:  Yes, sir.

1          THE COURT:  Did this activity happen between 2010

2     until about October 30, 2013?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  You said for Count Two you participated in

5     the burglary of a pharmacy.  Was the purpose of that burglary

6     of the pharmacy to steal controlled substances?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Was the replacement cost of those

9     controlled substances $500 and more?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  The replacement cost of the registrant was

12     $500 and more?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  Did this take place about April 7, 2012?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  Counsel for the government, any other

17     elements?

18          MR. MASIMORE:  Just that he did so knowingly and

19     intentionally.

20          THE COURT:  Did you participate in that burglary of

21     that pharmacy in Count Two knowingly and intentionally?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  For Count One, when you entered into

24     agreement with those other individuals, did you do that

25     knowingly and intentionally?

```
 1              THE DEFENDANT:  Yes, sir.

 2              THE COURT:  Anything else for the government?

 3              MR. MASIMORE:  No, your Honor.  Thank you.

 4              THE COURT:  Any other elements that I have left out,

 5     counsel for the defense?

 6              MR. SPORN:  I don't think so, your Honor.

 7              THE COURT:  Counsel for the government?

 8              MR. MASIMORE:  Your Honor, I would proffer, because

 9     the defendant would not know about this, that each of the

10     pharmacies involved in the conspiracy was registered, as

11     required, with the DEA.  They were all pharmacies that did in

12     fact dispense pursuant to prescriptions controlled substances.

13              THE COURT:  Did you hear that, Mr. Vallejo?

14              THE DEFENDANT:  Yes, sir.

15              THE COURT:  Is there any challenge to that by the

16     defense?

17              MR. SPORN:  No.

18              THE COURT:  Regarding Count Two, Mr. Vallejo, do you

19     waive venue regarding Count Two?

20              THE DEFENDANT:  Yes, sir.

21              THE COURT:  Let me ask that again.  For Count Two,

22     venue, as I explained to you before, it is your right to

23     challenge the location of where the prosecution takes place.

24     Do you waive venue regarding Count Two?

25              THE DEFENDANT:  Yes, sir.
```

 1              THE COURT:  Has anyone made any promises or threats to

 2    get you to waive venue?

 3              THE DEFENDANT:  No, sir.

 4              THE COURT:  On Count One, do you waive any challenges

 5    regarding venue for Count One?  Do you give up your right to

 6    challenge the venue of Count One?

 7              THE DEFENDANT:  Yes, sir.

 8              THE COURT:  Has anyone made any promises or threats to

 9    get you to do that?

10              THE DEFENDANT:  No, sir.

11              THE COURT:  Counsel for the government, anything else?

12              MR. MASIMORE:  Just, your Honor, that if we were put

13    to our burden of proof, particularly with respect to Count One,

14    we would be able to establish venue by a preponderance in that

15    some of the pharmacies that were subject to the burglaries were

16    in the Bronx.  Otherwise, I believe there is a sufficient

17    factual basis to accept the plea, including what was set forth

18    in my November 3rd letter to the Court.

19              THE COURT:  Thank you.  Anything else from the

20    defense?

21              MR. SPORN:  No, your Honor.

22              MR. MASIMORE:  Your Honor, in general, we would ask

23    the Court at this time enter the forfeiture order, the consent

24    order that has been signed by the parties.  I think there is a

25    separate copy up there besides the one that was appended at the

```
 1    end of the plea agreement.

 2             THE COURT:  Let me confirm.  The last page of this

 3    consent judgment, Mr. Vallejo, that appears to bear your

 4    signature, is that in fact your signature?

 5             THE DEFENDANT:  Yes, sir.

 6             THE COURT:  Before signing it did you read it and

 7    discuss it with your attorney?

 8             THE DEFENDANT:  Yes, sir.

 9             THE COURT:  When you signed that, did you sign that

10    with the intention of consenting to a preliminary order of

11    forfeiture?

12             THE DEFENDANT:  Yes, sir.

13             THE COURT:  I will sign off on the consent order.

14    Anything else from the government?

15             MR. MASIMORE:  No, your Honor.  Thank you very much.

16             THE COURT:  Anything else from the defense?

17             MR. SPORN:  No, your Honor.

18             THE COURT:  I find that Mr. Vallejo is competent to

19    proceed, that he is acting knowingly and voluntarily, that he

20    understands the rights that he would be waiving by pleading

21    guilty.  I further find that there is a factual basis for the

22    plea, and I will accept his plea of guilty.

23             Sentencing is scheduled for Friday, February 6, 2015,

24    at 2 o'clock p.m.  In the next 3 weeks let's have the

25    government provide an offense statement to the probation
```

1   department, and within 3 weeks the defense should schedule the

2   pre-sentence interview.  That does not mean the pre-sentence

3   interview needs to take place within the next 3 weeks, but it

4   needs to be scheduled within the next 3 weeks.

5           Anything else from anyone?

6           MR. SPORN:  Not from me, Judge.  Thank you.

7           MR. MASIMORE:  No, your Honor.  Thank you.

8           THE COURT:  Have a good day.

9           (Adjourned)